IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, | § § § § | No. 307, 2023 |
| | § | Court Below–Superior Court |
| Petitioner, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N23M-04-138 |
| | § | |
| TRINIDAD NAVARRO, in his official capacity as Delaware Insurance Commissioner, | § § § § | |
| | § | |
| Respondent. | § | |

Submitted: August 31, 2023
Decided: October 3, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and their exhibits, it appears to the Court that:

(1)    On April 27, 2023, the Roman Catholic Diocese of Brooklyn, New York (the "Diocese") filed a petition for a writ of mandamus in the Superior Court to compel Trinidad Navarro, in his official capacity as Delaware Insurance Commissioner (the "Commissioner"), to initiate liquidation proceedings against Arrowhead Indemnity Company ("Arrowhead").

(2)    Arrowhead moved to intervene, arguing that it satisfied the requirements for either permissive or as-of-right intervention.  On July 27, 2023, the

Superior Court denied Arrowhead's motion (the "Order"). In so doing, the court noted that while an insurer is in liquidation, the Commissioner is responsible for preventing further damage to the insurer and protecting its remaining assets so that the potential claims of policyholders and creditors can be paid. Because Arrowhead had failed to point to any facts to support its claim that its interest would not be adequately protected by the Commissioner, the Superior Court concluded that Arrowhead was not entitled to intervene as of right.[1] And the Superior Court declined to exercise its discretion to permit Arrowhead to intervene on the basis of Arrowhead's conclusory allegation that it had satisfied the requirements of permissive intervention.[2] Arrowhead asked the Superior Court to certify an interlocutory appeal from the Order. The Diocese opposed the application.

(3) On August 28, 2023, the Superior Court denied Arrowhead's application.[3] As an initial matter, the Superior Court disagreed with Arrowhead's position that the Order decided a substantial issue of material importance—a threshold consideration under Rule 42[4]—because the denial of Arrowhead's motion

---

[1] *See* Del. Super. Ct. Civ. R. 24(a) ("Upon timely application anyone shall be permitted to intervene in an action: … (2) when an applicant claims an interest relating to the property or transaction which is the subject matter of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.").

[2] *See* Del. Super. Ct. Civ. R. 24(b) (setting forth the conditions under which the Superior Court may permit an applicant to intervene).

[3] *Roman Catholic Diocese of Brooklyn, NY v. Navarro*, 2023 WL 5551018 (Del. Super. Ct. Aug. 28, 2023).

[4] Del. Supr. Ct. R. 42(b)(i).

to intervene did not relate to the merits of the case. The court observed that if it accepted Arrowhead's position, *every* trial court decision denying a motion to intervene would "establish important legal rights."[5]  Nevertheless, the Superior Court analyzed the Rule 42(b)(iii) factors cited by Arrowhead—specifically, Factors A (the Order decided a novel issue of first impression) and H (interlocutory review of the Order would serve the considerations of justice)—and concluded that neither factor supported the certification of an interlocutory appeal. First, the Superior Court found that Arrowhead's characterization of the Order as resolving an issue of first impression focused on the merits of the underlying mandamus action, not the court's decision to deny Arrowhead's motion to intervene. Second, the Superior Court reasoned that considerations of justice would not be served by interlocutory review because, among other things, Arrowhead's interest is adequately protected by the Commissioner.[6]  Finally, the Superior Court concluded that certification would not promote an efficient resolution of the case. The Superior Court therefore denied the application.

(4)  We agree with the Superior Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the

---

[5] *Roman Catholic Diocese of Brooklyn, NY*, 2023 WL 5551018, at *2.
[6] Indeed, Arrowhead claimed in its application for certification that it had moved to intervene for the initial purpose of filing a motion to dismiss the Diocese's petition for failure to state a claim, and the Superior Court docket reflects that the Commissioner filed a motion to dismiss for failure to state a claim on July 24, 2023.

sound discretion of the Court.[7] Exercising our discretion and giving due weight to the Superior Court's analysis, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Opinion do not exist,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ N. Christopher Griffiths
Justice

---

[7] Del. Supr. Ct. R. 42(d)(v).
[8] Del. Supr. Ct. R. 42(b)(ii).
[9] Del. Supr. Ct. R. 42(b)(iii).